UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARISSA CHAMBERS,

    *Plaintiff*,

v.

DEPARTMENT OF JUSTICE,

    *Defendant*.

Civil Action No. 24-898 (LLA)

**MEMORANDUM OPINION**

    Carissa Chambers, proceeding pro se, brought this suit against the U.S. Department of Justice ("DOJ") alleging intentional infliction of emotional distress ("IIED") and negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 1402, 2401, 2671 *et seq.* ("FTCA"). ECF No. 1 ¶¶ 69-74. Ms. Chambers alleges that "federal government officials" acted with "reckless disregard" by allegedly falsifying information in an earlier case she had brought in the U.S. District Court for the Northern District of Florida. ECF No. 1 ¶¶ 56-64. The DOJ moves to dismiss the complaint. ECF No 4. For the reasons explained below, the court will grant the DOJ's motion and dismiss the complaint.

    I.    **FACTUAL BACKGROUND**

    The following factual allegations drawn from Ms. Chambers's complaint, ECF No. 1, are accepted as true for the purpose of evaluating the motion before the court, *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1250 (D.C. Cir. 2005).

    In 2011, Ms. Chambers's son, DeShon Thomas, was arrested and charged with various crimes in Florida. ECF No. 1 ¶¶ 30-31. Ms. Chambers retained Gregory Cummings as her son's

defense attorney. *Id.* ¶ 30. The prosecutor assigned to Mr. Thomas's case was John Emmett Campbell. *Id.* ¶ 34. On several occasions, Mr. Cummings told Ms. Chambers that Mr. Campbell was preventing him from deposing a witness and "hindering [his] ability to build a defense for DeShon Thomas." *Id.* ¶ 36. In 2012, Ms. Chambers fired Mr. Cummings. *Id.* ¶¶ 37-38. She then filed complaints with the Florida Bar Association against both Mr. Cummings and Mr. Campbell alleging "misconduct and immorality." *Id.* ¶¶ 37, 44. The Florida Bar Association "found no wrongdoings" and dismissed the complaints. *Id.* ¶ 44.

Mr. Thomas was convicted in 2013. *Id.* ¶ 40. In June 2022, Ms. Chambers "learned some significant information" relating to his prosecution. *Id.* ¶ 46. Specifically, she learned "through a reliable source" that Mr. Campbell had been "terminated as a government attorney" in 2006, but that "State Attorney Meggs continued to allow [Mr.] Campbell to work as a government attorney using an assumed name" of "Jack" Campbell rather than John Campbell. *Id.* ¶¶ 46-48.

In July 2022, Ms. Chambers filed a lawsuit in the U.S. District Court for the Northern District of Florida. *Id.* ¶ 15. She alleged corruption by the attorneys who had been involved in her son's case—including Mr. Campbell—and by the Florida Bar Association. *Id.* ¶ 1, 51. After the case was filed, "federal government officials" in the Northern District of Florida's Clerk's Office changed John Emmett Campbell's name to "Jack Emmett Campbell" on the case docket. *Id.* ¶ 18; *see id.* ¶¶ 17, 55-56. Ms. Chambers asked the Clerk's Office's personnel to change the name back, but "[t]hey refused." *Id.* ¶ 17. That same month, Magistrate Judge Martin A. Fitzpatrick issued a report and recommendation that Ms. Chambers's case be dismissed with prejudice. *Id.* ¶ 23;

*see Chambers v. The Florida Bar*, No. 22-CV-261, 2022 WL 3718844 (N.D. Fla. July 26, 2022).[1] Senior District Judge William Stafford adopted Magistrate Judge Fitzpatrick's report and recommendation and dismissed Ms. Chambers's complaint with prejudice. ECF No. 1 ¶ 24; *see Chambers v. The Florida Bar*, No. 22-CV-261, 2022 WL 3716717 (N.D. Fla. Aug. 29, 2022).

## II. PROCEDURAL HISTORY

In March 2024, Ms. Chambers brought this case under the FTCA alleging IIED and negligence by the "federal government officials" in the Clerk's Office who had refused her request to change the docket. ECF No. 1 ¶¶ 69-75. She named the DOJ as the sole defendant, *id.* at 1, and sought $2,500,000 in compensatory damages, among other relief, *id.* at 4.[2]

The DOJ filed a motion to dismiss in June 2024, arguing that Ms. Chambers's complaint should be dismissed "for lack of subject-matter jurisdiction, improper venue, and insufficient service of process" under Federal Rules of Civil Procedure 12(b)(1), (b)(3), and (b)(5), respectively. ECF. No. 4, at 1. The court then issued a *Fox*/*Neal* Order informing Ms. Chambers that she would need to respond to the DOJ's motion before July 8, 2024, and that a failure to do so could result in dismissal. ECF No. 5. Ms. Chambers filed her opposition on July 2, ECF No. 6, and the DOJ filed a reply shortly thereafter, ECF No. 7.

---

[1] Ms. Chambers alleges that Magistrate Judge Fitzpatrick recommended that her case be dismissed "without prejudice," ECF No. 1 ¶ 23, but the opinion reflects that he recommended dismissal *with* prejudice, *Chambers*, 2022 WL 3718844 at *1, 2, 4; *see Jurdi v. United States*, 485 F. Supp. 3d 83, 89 n.1 (D.D.C. 2020) ("The court may take judicial notice of another court's proceedings." (quoting *Donelson v. U.S. Bureau of Prisons*, 82 F. Supp. 3d 367, 371 (D.D.C. 2015))).

[2] These citations refer to the ECF document's PDF page numbers, rather than the numbered pages within Ms. Chambers's complaint.

In December 2024, while the DOJ's motion to dismiss was still pending, Ms. Chambers filed a motion for summary judgment. ECF No. 8. The court held Ms. Chambers's motion in abeyance pending the outcome of the DOJ's motion to dismiss. Dec. 12, 2024 Minute Order.[3]

### III.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction. *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 178 (D.D.C. 2007). In reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and "may consider materials outside the pleadings." *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms.*, 402 F.3d at 1253). Additionally, when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court is required to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

Complaints filed by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction for pro se plaintiffs "is not, however, a license to ignore the Federal Rules

---

[3] Because the court is granting the DOJ's motion to dismiss, it will deny Ms. Chambers's motion for summary judgment as moot. *See Mirv Holdings, LLC v. U.S. Gen. Servs. Admin.*, 454 F. Supp. 3d 33, 45 (D.D.C. 2020) (granting a motion to dismiss for lack of subject matter jurisdiction and consequently denying the plaintiff's motion for summary judgment as moot).

4

of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Thus, "even a pro se plaintiff must meet his burden of proving subject matter jurisdiction to survive a Rule 12(b)(1) motion to dismiss." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014).

## IV.   DISCUSSION

The DOJ raises several arguments in support of dismissal, but the court need only consider three: that the United States has not waived its sovereign immunity as it pertains to Ms. Chambers's claims, that Ms. Chambers failed to exhaust her administrative remedies, and that the United States is entitled to absolute judicial immunity on her claims.[4]

### A.   Sovereign Immunity

The DOJ argues that Ms. Chambers's complaint must be dismissed for lack of subject-matter jurisdiction because the United States has not waived its sovereign immunity for her claims. ECF No. 4, at 5. Ms. Chambers responds by flatly claiming that "the United States has waived its sovereign immunity." ECF No. 6, at 3.[5] The court agrees with the DOJ.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Groce v. Rodriguez*, 743 F. Supp. 3d 244, 248 (D.D.C. 2024) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "Dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is appropriate if a claim is barred by

---

[4] In FTCA cases like this one, the United States is the only proper defendant. *See, e.g.*, *Hall v. Admin. Off. of the U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007). While Ms. Chambers named the DOJ, not the United States, ECF No. 1 at 6-7, in light of her pro se status, the court will "treat[] the claim as if it had been brought against the United States directly," *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp 3d 1, 6 n.3 (D.D.C. 2016).

[5] Ms. Chambers also argues that the court has jurisdiction under the diversity statute, 28 U.S.C. § 1332, but that has no bearing on whether the federal government retains its sovereign immunity from suit.

sovereign immunity." *Id.* The plaintiff "bears the burden of establishing that sovereign immunity has been abrogated." *Stone v. Holder*, 859 F. Supp. 2d 48, 51 (D.D.C. 2012).

The FTCA provides "a limited waiver of sovereign immunity that makes the federal government liable . . . for certain torts of federal employees acting within the scope of their employment." *Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10, 14-15 (D.D.C. 2015); 28 U.S.C. § 1346(b)(1). Importantly, however, the United States has not waived its sovereign immunity for claims arising out of "abuse of process," "misrepresentation," "deceit," and "interference with contract rights." 28 U.S.C. § 2680(h). The basis of Ms. Chambers's IIED and negligence claims are that "federal government officials" employed by the U.S. District Court for the Northern District of Florida either "intentionally changed the name of at least one of the named defendants" in her suit to "protect that defendant's identity," "cover-up [sic] corrupt acts by elected state government officials," and "discredit Ms. Chambers'[s] complaint," ECF No. 1 ¶¶ 54-55, or that they did so negligently, *id.* ¶ 75. Both claims thus "arise[] out of allegations of abuse of process, misrepresentation, and deceit," which are beyond the FTCA's waiver of sovereign immunity. *Cunningham v. Wright*, No. 21-5173, 2021 WL 5537749, at *1 (D.C. Cir. Nov. 18, 2021) (internal quotation marks omitted); *see United States v. Neustadt*, 366 U.S. 696, 702 (1961) (holding that Section 2680(h)'s exemption applies to both "negligent" and "willful" torts); *Trice v. Fed. Deposit Ins. Corp.*, No 17-CV-1564, 2019 WL 1766158, at *7 (D.D.C. Apr. 22, 2019) (dismissing a negligent concealment claim pursuant to Section 2680(h)). Accordingly, the court must dismiss Ms. Chambers's IIED and negligence claims as barred by sovereign immunity.

### B.     Exhaustion of Administrative Remedies

The DOJ next argues that "even if the harms [Ms.] Chambers alleges were of the type that could proceed, th[e] [c]ourt lacks subject-matter jurisdiction because [she] failed to exhaust [her]

administrative remedies." ECF No. 4, at 6.  Ms. Chambers responds that she exhausted her administrative remedies by submitting a claim to the DOJ's Civil Rights Division.  ECF No. 6, at 5; ECF No. 1 ¶ 11.  The court agrees with the DOJ.

The "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Failure to exhaust administrative remedies under the FTCA deprives the court of subject-matter jurisdiction. *See, e.g.*, *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 116 (D.D.C. 2009).

To exhaust her administrative remedies, a claimant must "first present[] the claim to the appropriate federal agency."  28 U.S.C. § 2675(a).  Here, that agency is the Administrative Office of the U.S. Courts.  *See* "Federal Tort Claims Against Federal Judiciary Personnel," Administrative Office of the U.S. Courts, https://perma.cc/2GT9-A6JZ.  Ms. Chambers's attempt to file an administrative complaint with the DOJ's Civil Rights Division is not sufficient for purposes of exhaustion because the DOJ does not employ or supervise the judicial staff involved in the allegations.  *See, e.g.*, *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987) (explaining that the administrative complaint must "enable the agency to begin its own investigation"); *Beard v. Seals*, 75 F. Supp. 3d 204, 206 (D.D.C. 2014).

### C.     Absolute Judicial Immunity

The DOJ further argues that the "federal government officials" are immune from Ms. Chambers's negligence claim because, as employees of the U.S. District Court for the Northern District of Florida, they are entitled to absolute judicial immunity.  ECF No. 4, at 5. Ms. Chambers offers no response.  *See generally* ECF No. 6.  The court again agrees with the DOJ.

In a case brought under the FTCA, "the United States shall be entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of

the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled." 28 U.S.C. § 2674.  The U.S. Court of Appeals for the D.C. Circuit has held that absolute judicial "immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of jurisdiction.'"  *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (per curiam) (alteration in original) (quoting *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)).  This immunity "cannot be 'overcome by allegations of bad faith or malice.'" *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C. 2015) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)).  Actions relating to the docketing of case, such as recording the case caption and relevant parties, are a "basic and integral part of the judicial function."  *Mullis*, 828 F.2d at 1390; *see McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) (explaining that court personnel are absolutely immune from claims concerning activities that are part of a "court's inherent power to control its docket," including scheduling and processing court filings). Because Ms. Chambers's IIED and negligence claims arise from acts that are protected by absolute judicial immunity, the court must dismiss the claim.[6]

---

[6] The DOJ framed its absolute-immunity argument as one for dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1), but it is better understood as an argument for dismissal for failure to state a claim under Rule 12(b)(6).  *See Smith v. Scalia*, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014) ("Sovereign immunity strips the court of jurisdiction and thus renders dismissal appropriate under Rule 12(b)(1).  By contrast, absolute judicial immunity is . . . non-jurisdictional . . . and is thus 'subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.'" (quoting *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 91 (D.D.C. 2012))).

While the court ordinarily would not consider an argument for dismissal under Rule 12(b)(6) where, as here, it has already concluded that it lacks subject-matter jurisdiction, the court elects to address absolute immunity because the defense would provide a compelling alternative basis for dismissal in the event the court had subject-matter jurisdiction over the suit.

## V. CONCLUSION

For the foregoing reasons, the court will grant the DOJ's motion to dismiss, ECF No. 4. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 7, 2025